UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH,<br><br>                    Plaintiff,<br><br>     - against -<br><br>COLLÉ, HÖCHBERG & GREY LLC,<br><br>                    Defendant. | Docket No. 18-cv-12311<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Collé, Höchberg & Grey LLC ("CHG" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Lawrence Salander, owned and registered by Hirsch, a New York based professional photographer. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and is organized under the laws of the state of New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Hirsch is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 280 E. 10th St., Apt. 29, New York, NY 10009.

6. Upon information and belief, CHG is a domestic limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 19 Jochum Avenue, Larchmont, NY 10538. Upon information and belief CHG is registered with the New York Department of State Division of Corporations to do business in the State of New York.  At all times material, hereto, CHG has owned and operated a website at the URL: https://www.artmarketmonitor.com (the "Website").

7. CHG is an art-based publication and is familiar with United States copyright law.

**STATEMENT OF FACTS**

A. **Background and Plaintiff's Ownership of the Photograph**

8. In or around July, 2009 Hirsch photographed Lawrence Salander entering police custody (the "Photograph") and licensed the Photograph to the NY Post. A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. The New York Post later published the photograph on March 18, 2010 in an article titled *Gallery boss will plead guilty in $100M art fraud*, at the URL: https://nypost.com/2010/03/18/gallery-boss-will-plead-guilty-in-100m-art-fraud/. See Exhibit B.

10. Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-086-044 effective January 1, 2018. See Exhibit C.

**B.     Defendant's Infringing Activities**

12.     On or about March 18, 2010 CHG ran an article on the Website titled *Salander Gives In.* See URL: https://www.artmarketmonitor.com/2010/03/18/salander-gives-in/. The article prominently featured the Photograph as the banner image with no credit to Hirsch. A true and correct copy of the article is attached hereto as part of Exhibit D.

13.     CHG used the Photograph as the banner image of the article such that the Photograph is the primary image displayed when the article is shared on social media outlets, such as Facebook, to generate interest in the article and generate page views.   A true and correct screenshot showing how the article appears when shared on social media is attached hereto as part of Exhibit D.

14.     CHG also published the Photograph on its image gallery under the title, *"LAWRENCE SALANDER enters court for his arraignment."* A true and correct screenshot showing how the Photograph appears in the image gallery is attached hereto as part of Exhibit D.

15.     The Website features substantial commercial advertising.

16.     CHG did not license the Photograph from Plaintiff for its article, nor did CHG have Plaintiff's permission or consent to publish the Photograph on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

17.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-16 above.

18.     CHG infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. CHG is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

19. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant CHG be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;
2. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph pursuant to 17 U.S.C. § 504;
3. That Plaintiff be awarded his costs;
4. That Plaintiff be awarded pre-judgment interest; and
5. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 28, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/JosephADunne
Joseph A. Dunne, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
JD@LiebowitzLawFirm.com
*Attorneys for Plaintiff*
